## West Kentucky Coal Company v. Myers.

(Decided October 22, 1926.)

### Appeal from Webster Circuit Court.

1. Master and Servant—Failure to Prove Employee's Want of Knowledge of Unsafe Place Held Not Variance, where Gravamen of Averments was Negligence in Causing Movement of Train in Mine.—That employe failed to prove his want of knowledge of unsafe place to work was no variance with petition, where petition alleged that employee was required to work in unsafe place, and also that he was injured by negligent act of foreman, who, knowing his situation in narrow space between derailed car and wall of mine, caused movement of train, gravamen of averments being action of foreman in causing movement of train, and allegations as to unsafe place to work being surplusage.

2.    Master and Servant—Charge of Negligence in Ordering Movement of Train in Mine Held Substantiated by Evidence.—Charge of negligence held substantiated by plaintiff's evidence in action for damages, where foreman, knowing plaintiff was working in space between derailed car in mine and wall, caused movement of train which injured plaintiff.

GORDON, GORDON & MOORE and RAYBURN & WITHERS for appellants.

HENSON & TAYLOR for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellee was injured while employed in appellant's coal mine, and filed this action for damages. He was a "trip-rider" on the coal trains within the mine, and his duties as such are said to have been about like those of a brakeman on an ordinary railroad train.

He alleges that while so engaged on a train of loaded coal cars one or more of the coal cars toward the rear of the train ran off the track at a point in the entry where the space between the derailed mine cars and the walls of the entry was very narrow, and insufficient to permit the passage of a man's body between the cars and the wall when the cars were in motion; and that because of such conditions the space between the cars and the wall of the entry was a dangerous and unsafe place to work, the walls of said entry consisting of rock, coal or other hard substances. That when the cars were so derailed the assistant mine foreman, who was then present and acting for defendant company, directed the plaintiff to go between the said derailed cars and the walls of the entry and place a timber or timbers under the wheels of the derailed car or cars so that the same might be run back upon the track, and that plaintiff in obedience to such orders went into the place indicated, and while so engaged in such employment and while so situated, which situation was at the time well known to the assistant foreman, who was immediately present on the other side of the car upon which the plaintiff was working, the said mine foreman with gross carelessness and negligence and in disregard of the safety of the plaintiff, ordered and directed the cars under and about which plaintiff was working to be moved, and that when same were so moved the plaintiff's body was caught and squeezed between the

sides of the moving mine cars and the walls of the entry, and that his body was rolled for some distance between the same, whereby his collar bone was broken, his back, breast and shoulders and arms, muscles and ligaments were bruised, lacerated and torn, and his internal organs injured.

In an amendment filed before answer it was alleged that the coal company employed more than five employees in the operation of its mine but had not at the time of the accident referred to elected to accept the provisions of the compensation act.

The mine foreman, Ball, was made a joint defendant with the coal company, and they in their joint answer put in issue the material allegations of the petition, and in two separate paragraphs attempted to rely upon contributory negligence and assumed risk.

At the trial a verdict was returned for the plaintiff of $2,195.00, and the motion of defendants for a new trial having been denied they have appealed.

The plaintiff's evidence, in substance, is that when the car was derailed Ball said to him, ''Let's get it right back on the track quick because we have had a lot of bad luck today,'' and that accordingly plaintiff went on the side of the car next to the wall while Ball remained on the other side, where there was plenty of space; that about the time plaintiff got his piece of timber placed so it would cause the wheels to roll back on the track, and while he was still on his knees in the narrow space of 12 inches between the car and the wall, Ball, without notice to him, gave the signal to the motorman to move the train, and that it immediately moved and his body was caught and rolled some distance.

The chief contradiction in the evidence is that Ball says appellee himself gave the signal for the train to move, but, in substance, admits that he knew where appellee was at the time the train moved.

The first ground for reversal is that the plaintiff failed to prove his want of knowledge of the unsafe place where he was placed to work, and that therefore defendants were entitled to a directed verdict. This argument assumes that the action was one for damages because the plaintiff was furnished an unsafe place to work. It is true the petition alleges that he was required to work in an unsafe place, but it then goes on and alleges that while he was working in this narrow space between the derailed car and the wall, the mine foreman, knowing of his

situation in that narrow space and in disregard of his safety, negligently signaled the motorman and caused the cars to move. Obviously as long as the cars were stationary the place where he was at work was safe, but according to the plaintiff's allegation it became an unsafe place only because of the foreman's negligent signal which placed him in danger. The gravamen of the averments in the petition is a complaint of the action of the foreman in causing the movement of the train, and the allegations as to an unsafe place to work were only surplusage in the pleading and were properly so treated by the trial court in its instructions.

For the reasons we have stated there was no material variance between the allegations of the petition and the effect of the testimony.

But it is said that the plaintiff could not prove general acts of negligence when he has only pleaded specific acts. As we have said, however, the specific negligence charged was the action of the foreman in causing the train to be moved, knowing the situation of appellee, and that charge of negligence is substantiated by the plaintiff's evidence.

Appellant also complains that the first instruction was erroneous, but we are pointed to no defect which they claim exists in that instruction. We have carefully examined it and may say without exaggeration that it clearly and concisely submits to the jury the only issue presented in this case.

There is not pointed out any defect in the instructions, there is no complaint that the verdict is excessive, and we have found no error in the admission or rejection of evidence.

Judgment affirmed.